# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. CRANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-046-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Charles E. Crane ("Crane") seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq*. The Administrative Law Judge ("ALJ") found that although Crane suffered from severe impairments of degenerative disk disease of the cervical, thoracic, and lumbar spine, as well as osteoarthritis of the bilateral hips, he retained the residual functional capacity ("RFC") to perform light work with certain limitations. Relying on the testimony of a vocational expert, the ALJ concluded Plaintiff could perform his past relevant work as a beauty shop manager.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on June 8, 2010, alleging a disability onset date of July 15, 2009. The Commissioner denied Plaintiff's application at the

initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on January 5, 2012, issued her decision holding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 11, 2012, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the

Commissioner follows a five-step sequential evaluation process.[1] Plaintiff contends the Court should reverse the Commissioner's decision or at least remand this case for additional consideration because: (1) the ALJ's credibility determination is not supported by substantial evidence on the record; (2) the ALJ erred by failing to consider statements submitted by third-parties; (3) the ALJ's RFC determination is unsupported by substantial evidence on the record; and (4) the ALJ erred in finding he could perform his past relevant work as a beauty shop manager. The Court affirms the ALJ's decision, finding it was within the available "zone of choice."

### A.   The ALJ's credibility determination is supported by the record.

Plaintiff argues that the ALJ erred in finding he was not fully credible, but the Court finds the ALJ's credibility determination is supported by substantial evidence on the record. When the ALJ discounts a claimant's credibility, he is required to make an express determination explaining why she does not fully credit the claimant's complaints. Lowe v. Apfel, 226 F.3d 969, 971 (8th Cir. 2000). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the plaintiff and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

functional restrictions. 20 C.F.R. § 404.1529; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003).

Here, the ALJ found that Plaintiff was not fully credible based on his activities of daily living, the lack of medical evidence supporting his claims, and the fact that his condition improved with treatment. R. at 16-17.

Activities which are inconsistent with the claimant's assertion of disability reflect negatively upon his credibility. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001). For example, "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking are inconsistent with subjective complaints of disabling pain." *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009). In the present case, the ALJ noted that Plaintiff did his own laundry and prepared his own meals, had no problems with his personal care, and visited friends once a week. R. at 16, 99, 103-04, 114, 115. The ALJ also noted Plaintiff's friends and family reported he played cards, went out to eat, and saw movies. R. at 16, 99, 103-04, 118. In August 2009 Plaintiff told his physical therapist that he had been doing a lot of lifting by moving furniture, R. at 412, and a year later, he moved his aunt into a nursing home. R. at 241. Plaintiff also testified he was able to move himself to Mexico and reported he had no difficulty climbing a flight of stairs to access his Mexican apartment or walking two to three miles multiple times a week. R. at 16, 31-32, 115. Although Plaintiff reported he could not do these activities on his worst day, the Court cannot say the ALJ erred in finding these activities were inconsistent with the extent of Plaintiff's claimed limitations.

As the ALJ noted, the objective medical evidence did not support the severity of Plaintiff's alleged limitations either. R. at 16. For example, Plaintiff claimed he had difficulty walking and reaching, but notes from his treating physician, Dr. Alicia Hillman, M.D., indicate

4

he had a normal gait with no problems heel and toe walking; normal muscle strength and tone in his extremities; and normal, pain free range of motion in his extremities. R. at 119, 242, 253-54, 248, 258, 263, 280, 285, 297, 348, 353. Thus, the objective medical evidence was inconsistent with Plaintiff's claims.

The record also supports the ALJ's observation that Plaintiff's limited use of pain medication and its success in controlling his symptoms cast doubt on his alleged impairments. R. at 16. "A claimant's allegation of disabling pain may be discredited by evidence that the claimant has received minimal medical treatment and/or has taken only occasional pain medications." *Singh v. Apfel*, 222 F.3d 448, 453 (8th Cir. 2000). Although Plaintiff claimed he suffered from disabling back pain, his treatment records revealed that he did not regularly take pain medication, and that when taken his medication effectively controlled his pain. R. at 241, 347. He also reported that physical therapy helped. R. at 412.

Finally, Plaintiff's argument that the ALJ erred because Plaintiff had an excellent work history and showed no signs of symptom magnification is not grounds for the Court to reverse or remand. A court's role in reviewing the ALJ's decision is limited to reviewing whether substantial evidence supports it, not deciding whether the evidence supports the plaintiff's view of the evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010). A court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556. While Plaintiff's excellent work history bolsters his credibility somewhat, it is not enough for the Court to find the ALJ erred and his decision fell outside the available zone of choice.

**B.    The ALJ did not err in not discussing various third-party statements.**

Related to the above, Plaintiff contends that the ALJ committed reversible error by failing to consider four statements from Plaintiff's friends and family.

Any error the ALJ made by not discussing these reports was harmless because the information contained in the statements was already incorporated into Plaintiff's functional report. R. at 114. An ALJ does not commit reversible error by failing to discuss evidence in a third-party statement which is cumulative or duplicative of other evidence in the record. *See Buckner v. Astrue*, 646 F.3d 549, 559–60 (8th Cir. 2011) ("In the present case, although the ALJ did not expressly address the girlfriend's statement in his decision, the ALJ's error does not require remand [because] . . . the same evidence that the ALJ referred to in discrediting Buckner's claims also discredits the girlfriend's claims.").

The third-party statements submitted here reiterated Plaintiff's statements that he visited with friends, went to movies, played cards, watched television, went outside daily, performed household chores, and took care of his own personal needs. *Compare* R. at 114-18 *with* R. at 99, 103-04, 106, 110-11. Because the ALJ considered this information elsewhere in his decision, the ALJ's failure to specifically discuss these duplicative third-party statements is harmless error.

**C.     Substantial evidence supported the ALJ's RFC determination.**

Plaintiff also contends the ALJ erred in determining his RFC. Plaintiff argues the ALJ erred by: (1) omitting the effects of his non-severe impairments discussed at step two in formulating his RFC; (2) ignoring Dr. Navjeet Singh's opinion as to his ability to use his right upper extremity; and (3) failing to give more weight to Dr. Hillman's opinion. The Court finds no merit to these claims.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. 20 C.F.R. § 416.945. It is based on all the relevant credible evidence of record, not just evidence from medical reports or medical sources. *Id.*; *Goff v.*

*Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). In determining a claimant's RFC, the ALJ may consider the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations. SSR 96-8p. In formulating an RFC, "the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect" the claimant's ability to perform exertional tasks. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). It is the claimant's burden to prove his RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Here, the ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can only occasionally climb ramps, stairs, ladders, ropes or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; and never reach overhead with the bilateral upper extremities." R. at 15.

Plaintiff's first argument, that the ALJ erred by failing to include in her RFC determination findings made at step two—namely, that Plaintiff suffered mild difficulties in maintaining social functioning and mild difficulties maintaining concentration, persistence, or pace—rests on a misunderstanding of the sequential evaluation process. In evaluating the severity of Plaintiff's mental impairments at step two and three, the ALJ used the "special technique" set out in 20 C.F.R. § 404.1520a. The purpose of this technique is to evaluate the severity of the claimant's mental impairments to determine whether they meet or equal a listing, not to determine Plaintiff's RFC. 20 C.F.R. § 404.1520a(d). Indeed, Social Security Ruling 96-8p specifically cautions that an ALJ "must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." This is because the ALJ's RFC determination "requires a more detailed assessment" than the special

7

technique provides. Lacroix v. Barnhart, 465 F.3d 881, 888 n.3 (8th Cir. 2006) (rejecting the claimant's argument that the ALJ's step-two findings conflicted with his RFC analysis because "[e]ach step in the disability determination entails a separate analysis and legal standard."). Accordingly, the Court holds the ALJ did not err by not including the step-two findings in her RFC assessment.

Likewise, the ALJ did not err in discrediting Dr. Singh's opinion as to Plaintiff's ability to use his hands. In determining Plaintiff's limitations, the ALJ gave most weight to and largely adopted Dr. Singh's opinion, but the ALJ rejected Dr. Singh's suggested limitations on Plaintiff's ability to manipulate objects with his hands after finding he had no ongoing problems with the use of his hands. R. at 18. The record supports these findings. R. at 43, 271, 277, 291. In fact, other evidence in the record demonstrates Plaintiff could use his hands repetitively for fine manipulation. R. at 448. Thus, the ALJ did not err in declining to embrace a limitation on Plaintiff's use of his hands.

Finally, the ALJ did not err in failing to give more weight to the opinion of one of Plaintiff's treating physicians, Dr Hillman.[2] The ALJ generally gives a treating physician's opinion more weight than opinions from other medical sources when determining the claimant's RFC. 20 C.F.R. § 404.1527(d). But, "[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (internal quotation omitted).

---

[2] Plaintiff also suggests that the RFC is inconsistent with the opinion of a treating neurosurgeon, Dr. Aguilar Zaviar, M.D. Doc. 6 at 25. Because Plaintiff fails to develop this argument in his brief, the Court will not consider this argument with respect to Dr. Zaviar.

Here, the ALJ gave Dr. Hillman's opinion limited weight because the majority of it conflicted with the record as a whole. R. at 18. This assessment is supported by the record. As the ALJ noted, a number of Dr. Hillman's proposed restrictions were inconsistent with evidence in the record. R. at 18. For example, Dr. Hillman cited Plaintiff's decreased sensation in his extremities in support of her claim that he met Listing 1.04. R. at 18, 446. However, the treatment notes—including Dr. Hillman's own notes—report that Plaintiff had normal sensation in his extremities. R. at 242, 253-54, 258, 263, 280, 285, 348. The ALJ also noted that Dr. Hillman's finding that Plaintiff needed to lie down for two hours in an eight-hour workday was not supported by any treatment notes. R. at 18.

While the ALJ gave little weight to Dr. Hillman's statement when it lacked support in the record, she did not completely reject Dr. Hillman's opinion. The restrictions in the RFC mirrored those suggested by Dr. Hillman with respect to Plaintiff's ability to stoop, crouch, crawl, kneel, climb, reach, balance, and lift. R. at 15, 18, 448. The inclusion of these limitations shows that the ALJ credited Dr. Hillman's opinion when it was supported by objective medical evidence. *See Choate v. Barnhart*, 457 F.3d 865, 870 (8th Cir. 2006) (restrictions to a reduced range of light work were "significant limitations, demonstrating that the ALJ gave some credit to the opinions of the treating physicians where the opinions were supported by the objective medical evidence."). Because the ALJ may give less weight to a treating doctor's opinion that is "inconsistent with or contrary to the medical evidence as a whole," there was no error. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

D.   **The ALJ did not err in finding Plaintiff could perform his past work.**

In his last argument, Plaintiff contends the ALJ erred in finding that he could perform his past work as a beauty shop manager. Plaintiff argues the ALJ erred: (1) by failing to make specific findings of fact regarding the physical and mental demands of Plaintiff's previous work,

9

and (2) in relying on testimony from a vocational expert ("VE") which conflicted with the Dictionary of Occupational Titles ("DOT").

At step four of the sequential evaluation process, the ALJ must determine whether the claimant can perform any past relevant work. If he can, then he is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). To determine whether a claimant can perform his past relevant work, the ALJ compares the claimant's RFC with the demands of his prior work. The ALJ may consult a VE to aid in this determination. *Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003).

Here a VE testified that a hypothetical claimant with Plaintiff's education, work experience, and limitations could perform Plaintiff's past jobs as a beauty shop manager. R. at 43. Plaintiff argues that the ALJ failed to make explicit findings regarding the demands of his past work and compare these findings to Plaintiff's RFC before determining whether Plaintiff could perform his past work. But the regulations permit the ALJ to rely on VE testimony to help compare the claimant's past relevant work with the RFC. *Wagner v. Astrue*, 499 F.3d 842, 854 (8th Cir. 2007). In this case, the VE testified that Plaintiff's past job as a beauty shop manager was "light and skilled" with a specific vocational preparation ("SVP") rating of 7. R. at 38. Comparing Plaintiff's RFC to the description of his past relevant work, the ALJ found Plaintiff could perform light work with certain limitations. R. at 19. Because the VE testified that those additional limitations would not eliminate Plaintiff's past job, the ALJ properly determined that Plaintiff could return to his previous work. R. at 19, 38.

There is also no merit to Plaintiff's claim that the VE's testimony conflicted with the DOT because the job of beauty shop manager requires the ability to reach frequently. Plaintiff's argument overlooks the fact that the RFC determination only limited Plaintiff's ability to reach overhead; it placed no restrictions on Plaintiff's ability to perform other types of reaching. R. at 15. Furthermore, "DOT definitions are simply generic job descriptions that offer the

10

approximate maximum requirements for each position, rather than their range." *Hall v. Chater*, 109 F.3d 1255, 1259 (8th Cir. 1997). There can be a subset of beauty shop managers that require less reaching than the DOT states, and Plaintiff's restriction to no overherad reaching did not conflict with the DOT's maximum requirement of frequent reaching. U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) (4th ed. 1991) § 187.167-058 (describing "manager, beauty shop"). Thus, the ALJ did not err in relying on the VE's testimony.

## Conclusion

For the reasons discussed above, the Court finds the Commissioner's determination is supported by substantial evidence on the record. The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     February 5, 2014                  /s/ Greg Kays
                                                                   GREG KAYS, CHIEF JUDGE
                                                                   UNITED STATES DISTRICT COURT